UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES TELFER,

         Plaintiff,

v.

TOM DENEVE,

         Defendants.
                                        /

Case No. 4:04-CV-59

Hon. Gordon J. Quist

# OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant's motion for summary judgment pursuant to Fed. Rule Civ. Proc. 56(b) (docket no. 20).

## Discussion

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). "[T]o state a claim under section1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the 'Constitution and laws' of the United States, and (2) plaintiff must show that the defendant deprived him of this federal right 'under color of law.'" *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988).

Plaintiff alleges that defendant, a resident unit manager at the Pugsley Correctional Facility retaliated against him because plaintiff assisted another prisoner in filing a grievance against defendant. Compl. at ¶ 8. Plaintiff alleges that on April 15, 2003, defendant "conducted a retaliatory cell search, where personal paper documents were tossed about, soiled clothing placed in Plaintiff's bunk, and personal property, e.g., typewriter, tossed around," and that he filed a greivance regarding this conduct. *Id.* at ¶¶ 13-14. Plaintiff also alleges that on April 15, 2003, defendant "instructed another staff member to write Plaintiff a misconduct ticket so he could hold a hearing." *Id.* at ¶ 15. Plaintiff also alleges that on April 16, 2003, defendant "again instructed staff to write Plaintiff a misconduct." *Id.* at ¶ 16. On April 21, plaintiff filed a complaint with the warden "contesting to the harassment and retaliation from Defendant." *Id.* at ¶ 18. Then, on April 29, 2003, plaintiff filed two more grievances against defendant. In one grievance, plaintiff alleged that defendant engaged in "abusive conduct not supported by departmental policy engaged in a retaliatory cell search and instructed another staff member to issue plaintiff a misconduct ticket." *Id.* at ¶ 19. In the other grievance, plaintiff asked "for relief from retaliatory conduct being displayed [by defendant], e.g., tainted due process." *Id.* at ¶ 20. Plaintiff alleges that these acts of retaliation violated his rights under the First Amendment. *Id.* at ¶¶ 28-32.

Defendant contends that plaintiff did not administratively exhaust all of these claims and that his complaint should be dismissed for failure to exhaust. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies.[1] *See Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983 (2002); *Booth*

---

[1] Plaintiff's claims are the types of claims that may be grieved. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (prisoner may grieve "alleged violations of policy and procedure or unsatisfactory conditions of confinement").

2

*v. Churner*, 532 U.S. 731, 121 S.Ct. 1819 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520, 122 S.Ct. at 986; *Booth*, 532 U.S. at 741, 121 S.Ct. at 1825. A district court must enforce the exhaustion requirement sua sponte. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir.) (1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999). The exhaustion requirement, while not jurisdictional, is mandatory and must be addressed in the first instance by the district court in all prisoner civil rights cases before the merits of the case are addressed. *See Curry v. Scott*, 249 F.3d 493, 501 n.2 (6th Cir. 2001); *Wyatt*, 193 F.3d at 879; *Brown*, 139 F.3d at 1104.

The prisoner has the burden of demonstrating exhaustion of his available remedies. *See Brown*, 139 F.3d at 1104. A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available. *Id.* In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In this regard, the Sixth Circuit has found that the district court is not required to hold evidentiary hearings on the issue of exhaustion or "spend a lot of time with each case just trying to find out whether it has jurisdiction to reach the merits." *Id.*

Plaintiff has attached copies of three separate grievances related to the claims raised in his complaint: MPF-03-04-00305-17I; MPF-03-05-00338-07A; and MPF-03-05-00339-17B. *See* Exhs. D, I and J attached to Compl. Defendant points out that there is no evidence that plaintiff exhausted the third grievance, No. MPF-03-05-00339-17B. Plaintiff summarized this grievance as

3

"asking for relief from retaliatory conduct being displayed, e.g., tainted due process" and included a lengthy discussion of events that occurred between April 12, 2003 and April 29, 2003. *See* Compl. at ¶ 20; Exh. J. Plaintiff has provided copies of the Step I and Step II grievance responses. *See* Exh. J. However, plaintiff has never supplied the court with a copy of the Step III appeal or Step III response. Plaintiff's complaint includes a copy of a letter dated July 1, 2003, which purports to transmit "Step II grievance forms" for grievances MPF-03-05-00338-07A and MPF-03-05-00339-17B and a copy of a letter dated September 2, 2003, regarding the status of the grievances. *See id.*

These letters are insufficient to demonstrate exhaustion of grievance MPF-03-05-00339-17B. Defendant has submitted an affidavit from James Armstrong, manager of the prisoner affairs section of the MDOC. The affidavit and attached records confirm the receipt of plaintiff's Step III appeals with respect to two of plaintiff's grievances, MPF-03-04-00305-17I and MPF-03-05-00338-07A. Armstrong Aff., attached to defendant's Brief as exh. 3. There is, however, no record of plaintiff having filed a Step III appeal for grievance MPF-03-05-00339-17B. *Id.* Plaintiff's conclusory assertion that he submitted a Step III appeal is insufficient to demonstrate exhaustion. *See Williams v. Johnson*, No. 01-1138, 2001 WL 1136022, at *3-4 (6th Cir. Sept. 20, 2001).

Accordingly, the court concludes that plaintiff's complaint includes an unexhausted claim. Plaintiff's complaint, which contains both exhausted and unexhausted claims, is subject to the "total exhaustion" rule. Under this rule, the presence of an unexhausted claim results in the dismissal of the entire action without prejudice. *Bey v. Johnson*, 407 F.3d 801, 805-09 (6th Cir. 2005).

**Conclusion**

For the reasons set forth above, defendant's motion for summary judgment (docket no. 20) will be GRANTED and plaintiff's complaint will be dismissed without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a)

Dated:   August 24, 2005            /s/ Gordon J. Quist
                                    GORDON J. QUIST
                                    UNITED STATES DISTRICT JUDGE